[Cite as *State v. Belcher*, 2018-Ohio-1234.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                      Court of Appeals No. L-17-1118

      Appellee                                 Trial Court No. CR0201603162

v.

Tevin Belcher                                  **DECISION AND JUDGMENT**

      Appellant                                Decided:  March 30, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Jennifer L. Donovan, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the portion of the May 4, 2017 sentencing judgment

of the Lucas County Court of Common Pleas, ordering appellant to pay the costs of

counsel and the costs of confinement as part of appellant's felony sentence in the

underlying drug trafficking case. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Tevin Belcher, sets forth the following sole assignment of error:

The trial court erred when it imposed costs at sentencing, without finding appellant had the ability to pay.

{¶ 3} The following undisputed facts are relevant to this appeal. On September 1, 2016, at approximately 1:20 a.m., a Toledo police patrol crew on duty in central Toledo conducted an investigatory stop of appellant's vehicle which was playing extremely loud music in a residential neighborhood in the middle of the night.

{¶ 4} The officers detected a strong odor of marijuana emanating from the vehicle. The officers conducted a safety search of the vehicle. The officers recovered a loaded .38 caliber pistol, an array of commercial quantities of unlawful drugs including marijuana, oxycodone, "K-2," "M523," "K56," cash, and a scale of the type commonly utilized in weighing and trafficking in unlawful drugs.

{¶ 5} On November 29, 2016, appellant was indicted on felonies including one count of drug trafficking, one count of possession of a controlled substance, two counts of aggravated possession of unlawful drugs, one count of carrying a concealed weapon, and one count of receiving stolen property.

{¶ 6} On March 16, 2017, pursuant to a voluntarily negotiated plea agreement, appellant entered pleas to one count of drug trafficking and one count of carrying a

2.

concealed weapon. In exchange, the remaining pending felony offenses were dismissed. A presentence investigation was ordered by the trial court.

{¶ 7} On May 3, 2017, the trial court conducted the sentencing hearing in which it reviewed the presentence investigation report as well as all aggravating and mitigating arguments in the matter. This appeal is limited to that portion of the trial court sentence imposing the costs of counsel and the costs of confinement. Appellant concedes the propriety of the balance of the sentence.

{¶ 8} In the sole assignment of error, appellant contends that the trial court erred in imposing the costs of counsel and the costs of confinement. We do not concur.

{¶ 9} In support of the assignment of error, appellant suggests that the trial court improperly failed to give any consideration, adequate or otherwise, of appellant's ability to pay costs prior to the imposition of costs in the course of sentencing. The record of evidence belies this suggestion.

{¶ 10} Pursuant to Ohio law, in order for the costs of confinement to be properly imposed, the record must contain some evidence that the court considered the offender's present and future ability to pay the sanction. *State v. Neal*, 6th Dist. Lucas No. L-14-1276, 2016-Ohio-854, ¶ 15.

{¶ 11} Pursuant to Ohio law, in order for the costs of assigned counsel to be properly imposed, although a separate hearing is not required, there must be clear and convincing evidence of the individual's ability to pay. *Id.* at ¶ 16.

3.

{¶ 12} In support of this appeal, appellant asserts in pertinent part, "Assigned counsel fees and the costs of confinement should be reversed for * * * [l]ack of *any* consideration of appellant's ability to pay costs." (Emphasis added).

{¶ 13} Appellant's proffered argument maintains that the trial court failed to give any consideration of ability to pay prior to the imposition of costs. The record of evidence clearly refutes this position.

{¶ 14} The record reflects that the trial court heard detailed testimony prior to the imposition of sentence from appellant's counsel conveying that, "He [appellant] is looking for work right now. *He has paid and gotten his car out of impound * * * He's got a job coming up -- or an interview coming up with Outback Steakhouse, Judge, he's excited for that.*" (Emphasis added).

{¶ 15} The record further reflects that appellant was 26 years of age, possessed no health issues arguably precluding gainful employment, and appellant was considered to be a viable work release candidate if the trial court determined work release to be appropriate.

{¶ 16} The record reflects that the disputed trial court sentencing entry explicitly determined appellant to have, or could reasonably be expected to have, the ability to pay the imposed costs.

{¶ 17} The record further reflects appellant's execution of an R.C. 2947.23 acknowledgment of the consequences of the failure to pay costs. Lastly, appellant made no request of a waiver of costs.

4.

**{¶ 18}** We find that the record reflects ample evidence before the trial court in support of an affirmative finding of appellant's present and future ability to pay the disputed categories of costs. Consistently, the record reflects that the trial court explicitly found appellant to have, or reasonably be expected to have, the means to pay the costs.

**{¶ 19}** On consideration whereof, we find appellant's assignment of error to be not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

James D. Jensen, J. _____
CONCUR.

_____
JUDGE